## Kreps et ux. v. Nitsche

*Charles E. Dillon*, for plaintiffs.
*Harry K. McNamee*, for defendant.

SHUMAKER, P. J., (fiftieth judicial district, specially presiding), January 18, 1955.—This matter is before the court on a petition of defendant that the judgment entered at common pleas, December term, 1953, no. 190, book 145, page 267, be opened and defendant be permitted to enter his defense.

A hearing was held in this matter, and while no testimony was taken in support of the averments of the petition, the matter was submitted to this court on a statement of facts undisputed.

On or about June 23, 1953, about 6:15 p.m., an automobile accident occurred at the intersection of State Highway Route 38 and State Highway Route 68, in which the vehicle of plaintiffs and the vehicle of defendant collided, resulting in damage to both vehicles, and in addition thereto, resulted in damage to a building of a third person.

Suit was filed by said third person in Butler County against Bernard S. Kreps and George Nitsche, and the law firm of Marshall, Marshall & McNamee entered its appearance for defendant, George Nitsche. This claim was later settled.

On September 23, 1953, plaintiffs in this action filed a complaint in trespass against defendant, George Nitsche, directing him to plead to said complaint within 20 days from the service thereof.

The return of the sheriff, Earl B. Walker, shows that on September 24, 1953, he did serve a copy of the complaint on defendant by leaving a copy with George Leroy Nitsche, *an adult member* of defendant's family.

It has since developed that George Leroy Nitsche, at the time he was handed a copy of the complaint, was but 17 years of age and from the statements in the petition, under oath, and the statements of counsel for George Nitsche, it appears that this boy, not too intelligent, did not call the matter to his father's atten-

tion and that the father therefore, although he was represented by counsel, did not notify his attorneys that this suit had been filed against him, and as a result no appearance for defendant was entered, nor did defendant plead to the complaint as directed on the cover thereof.

On October 15, 1953, counsel for plaintiffs took judgment against defendant for want of appearance and/or want of answer, the amount of said judgment to be determined as per præcipe filed in rule book no. 5, page 315.

In some way and manner, the taking of this judgment by default came to the attention of defendant, George Nitsche, who promptly thereafter, to wit, on January 15, 1954, filed a petition to open the judgment, and on that day this court granted a rule upon plaintiffs to appear and show cause why said judgment should not be opened.

Counsel for plaintiffs defends the default judgment taken on the ground that defendant is in effect attacking the return of the sheriff that he served a copy of the complaint on an adult member of the family, which defendant cannot legally do, and that his remedy is by an action against the sheriff and that the sheriff's bond is posted to cover matters of this kind.

This court is satisfied that the failure to appear or answer was not caused by neglect, inadvertence or carelessness on the part of defendant, but rather because he had no knowledge that suit had been filed against him.

As the law abhors forfeitures, so the courts look with disfavor upon default judgments, especially where there is some reason or justification to excuse defendant's failure to defend, and the courts over the years have been generous in their interpretations of the law, favoring the giving of defendant his day in

court rather than depriving him of the same because of some technicality.

Standard Pa. Practice, §63, provides:

"However, the manner of the service of the summons may be so improper and illegal as to constitute sufficient basis for the opening of the judgment obtained thereunder. The failure to serve the defendant with process constitutes a sufficient basis for opening a judgment by default."

Section 77 of the same authority provides:

"One who seeks to invoke the equitable discretion of the court to open a judgment must show that the injustice of which he complains is not the result of his own negligence or indifference . . . a judgment which is entered by default because of neglect of the defendant may be opened where there are strong equitable circumstances in his favor."

There are many instances where judgments have been opened as a result of neglect of counsel, and even verdicts have been set aside in Pennsylvania where it appeared that the attorney of record neglected to notify his client that the case was called for trial: Section 82, Standard Pa. Practice, and cases cited thereunder.

The defense of defendant consists of a denial of negligence on his part, or that if negligent, plaintiffs were contributorily negligent which, if believed by the jury, is a meritorious defense.

We conclude that the sheriff's service of the complaint on a 17-year-old boy was not service on an adult member of defendant's household and that the statement in the return that the boy was an adult does not make him such.

Our concern here is that defendant did not have notice that suit had been filed against him, and we do not consider this an attack upon the sheriff's return.

We are therefore of the opinion that the equities in the case justify the opening of the judgment which was taken by default, that defendant may defend the action against him.

Hence this order:

### Order of Court

And now, January 18, 1955, the rule issued in this case on plaintiffs is made absolute, the judgment taken at Common Pleas, December term, 1953, no. 190, is hereby opened, and defendant permitted to enter his defense. Defendant is directed to enter his appearance and answer to the complaint within 20 days after the date of this order and, unless he does so, judgment may be taken against him by default.